# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ERIC – House of Helstrom, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-2066-HLT-TJJ |
| ) | |
| UNITED STATES OF AMERICA ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## NOTICE AND ORDER TO SHOW CAUSE

**To Plaintiff Mark Eric – House of Helstrom:**

On February 18, 2020, Plaintiff Mark Eric filed his civil complaint against the United States Department of Justice, challenging the constitutionality of 28 U.S.C. § 1914 (district court filing fees) and 28 U.S.C. § 1915 (governing proceedings *in forma pauperis*). Plaintiff asserts the court is required by 28 U.S.C. § 2403(a) to certify the fact of his constitutional challenge to the Attorney General.[1] In accordance with the local rules of this District and the Federal Rules of Civil Procedure, the clerk of court notified Plaintiff that his filings were deficient.[2] The clerk informed Plaintiff his designation of place of trial was missing, his civil cover sheet was missing, and he failed to either pay the filing fee or file a motion to proceed in forma pauperis. The Notice required Plaintiff to "correct the deficiency immediately."[3]

On February 24, 2020, Plaintiff filed a document entitled "Clarifications on Notice of

---

[1] Pl.'s Compl. (ECF No. 1) at 1, 2.

[2] *See* "Notice of Deficiency," docketed February 18, 2020.

[3] *Id.*

Deficiency."[4] In that document, he contends the trial location of Kansas City, Kansas, as assigned by the clerk's office, is accurate, and if he had wished for a different location, he "would have filed in one of those locations."[5] He also contends the civil cover sheet is "irrelevant" because this is not a civil case and "[t]herefore, a civil cover sheet is not required in this matter."[6] In his Clarifications document, Plaintiff notes he has not paid a filing fee or moved to proceed *in forma pauperis* because he is challenging the constitutionality of both requirements as a violation of his First Amendment right to petition the government.[7]

**Legal Standards**

Although Fed. R. Civ. P. 5 provides rules for the service and filing of pleadings, Rule 5 does not, alone, set forth all necessary requirements for commencing an action in the United States District Court for the District of Kansas. Nor does the rule cited by Plaintiff relieve him of the obligation to comply with all federal <u>and</u> local rules. Pursuant to Fed. R. Civ. P. 83(a)(1), each district court possesses the authority "to promulgate rules that govern litigation before it."[8] "It is well settled that the rules of practice adopted by the United States District Courts have the force and effect of law."[9] Therefore, local rules such as the District of Kansas Local Rules are

---

[4] ECF No. 2.

[5] *Id*. at 1.

[6] *Id*. at 2.

[7] *Id.*

[8] *Kendall State Bank v. Archway Ins. Servs., LLC*, No. 10-2617-KHV, 2013 WL 3283955, at *3 (D. Kan. June 28, 2013) (citing *Martinez v. Thrifty Drug & Disc. Co.,* 593 F.2d 992, 993 (10th Cir.1979)).

[9] *O'Shea v. Yellow Tech. Servs., Inc*., 208 F.R.D. 634, 635 (D. Kan. 2002) (citing *Woods Constr. Co. Inc. v. Atlas Chem. Indus., Inc.,* 337 F.2d 888, 890 (10th Cir.1964)).

binding on all litigants before the Court.[10] Pursuant to D. Kan. Rule 1.1, the local rules "govern the procedure in all proceedings before this Court."

**Filing Fee Requirement**

By statute, the clerk of each district court must require a party instituting any civil action to pay a filing fee.[11] The total fee for filing a civil action in the United States District Court for the District of Kansas is $400.[12] If a filing party wishes to proceed without prepayment of this filing fee, he or she may petition the Court for the ability to proceed in forma pauperis under 28 U.S.C. § 1915. However, this requires the party to file "an affidavit that includes a statement of all assets" the party possesses and describes why the person is unable to pay the fee.[13] The District of Kansas provides a form "Motion to Proceed Without Prepayment of Fees" and "Affidavit of Financial Status" for this purpose, and Plaintiff was provided forms by mail on February 18, 2020.

Despite having been provided the necessary forms, Plaintiff has neither paid the fee nor filed a completed Motion to Proceed Without Prepayment of Fees containing an affidavit on the Court-approved forms. In the event Plaintiff wishes to proceed without payment of the filing fee, he should review the information available to self-represented litigants at http://ksd.uscourts.gov/index.php/self-represented-litigants/, and the forms available there, or

---

[10] *Kendall State Bank*, 2013 WL 3283955, at *3 (citing *Smith v. Ford Motor Co.,* 626 F.2d 784, 796 (10th Cir.1980)).

[11] 28 U.S.C. § 1914.

[12] This fee is made up of a $350 filing fee required by 28 U.S.C. § 1914(a) and a $50 administrative fee under 28 U.S.C. § 1914(b) and the Judicial Conference Schedule of Fees, ¶ 14, effective September 1, 2018. *See* http://ksd.uscourts.gov/index.php/clerks-office-fees/ for a complete list of fees.

[13] 28 U.S.C. § 1915(a)(1).

contact the nearest clerk's office to obtain new forms in the event the earlier forms did not reach him.

**Civil Cover Sheet**

The submission of a Civil Cover Sheet is required by D. Kan. Rule 3.1. As noted on the form itself, the "JS 44 civil cover sheet and the information contained [therein] neither replaces nor supplements the filings and service of pleading or other papers as required by law . . . ."[14] Furthermore, the form, "approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed."[15] Although the Court understands this step may appear duplicative to Plaintiff, this is a requirement for filing a new case in this Court. To date, Plaintiff has failed to comply with D. Kan. Rule 3.1 by refusing to submit a civil cover sheet, despite having been provided such form. This form is also available to the public online at http://ksd.uscourts.gov/index.php/forms/.

**Designation of Place of Trial**

District of Kansas Rule 40.2(a) requires that, "at the time the complaint is filed, the plaintiff must file a request stating the name of the city where the plaintiff desires the trial to be held." Here, Plaintiff's filings failed to request a location in which Plaintiff preferred trial to occur. As noted in his Clarification document, however, Plaintiff apparently wishes for his case to be heard in Kansas City. While the Court does not encourage a litigant to ignore the rules of the Court, it does acknowledge the recent filing makes clear the place of trial, and accepts

---

[14] Form JS 44, available at https://www.uscourts.gov/forms/civil-forms/civil-cover-sheet.

[15] *Id.*

Plaintiff's designation of Kansas City, Kansas as the location of trial.

**Conclusion**

Plaintiff's filings remain deficient for two reasons: 1) first and foremost, for his failure to *either* pay a filing fee or request to proceed in forma pauperis; and 2) for his failure to provide a civil cover sheet.

Plaintiff is forewarned that if he fails to address the above-noted deficiencies or show sufficient cause within the time allotted, this action may be dismissed without further notice. Under Fed. R. Civ. P. 41(b), when a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the matter.[16] "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply *with local or federal procedural rules*."[17] And, although Plaintiff, "as a pro se litigant, is held to a less stringent standard than a licensed attorney, he must nevertheless follow the same rules of procedure governing other litigants."[18] This is particularly true because the Court issued a similar show cause order to Plaintiff in an earlier case, and his failure to comply resulted in dismissal of his action without prejudice.[19]

Therefore, the Court **ORDERS** Plaintiff Mark Eric – House of Helstrom to **show cause** in writing to the Honorable Holly L. Teeter, United States District Judge, on or before **April 10, 2020,** why his claims should not be dismissed under Fed. R. Civ. P. 41(b) for his failure to pay

---

[16] *See* Fed. R. Civ. P. 41(b).

[17] *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) (emphasis added).

[18] *Zenati v. Echostar, Inc.,* 203 F.3d 837, 2000 WL 43719, *1 (10th Cir.2000) (internal citations omitted).

[19] *Eric v. State of Kansas, et al.*, No. 5:19-cv-4083-SAC-GEB (Notice and Order to Show Cause entered November 4, 2019; Memorandum and Order dismissing action without prejudice entered November 6, 2019).

the filing fee or to apply for permission to proceed in forma pauperis, and for failure to comply with this Court's rules.

The Clerk of Court is directed to mail this Notice and Order to Show Cause to Plaintiff by certified mail, return receipt delivery, and to also email the same to Plaintiff at techone08@gmail.com.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2020, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge